IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN N. BATISTA, | : | No. 3:02cr314 |
| Petitioner | : | 3:05cv1541 |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the Court for disposition is Petitioner Juan Batista's Motion to Vacate his Sentence under 28 U.S.C. § 2255.  Respondent has filed a brief in response, and Petitioner has filed to timely reply.  Therefore, this matter is ripe for disposition.  For the following reasons, we will deny the motion and dismiss this case.

**I.     Background**

On March 25, 2003, a federal grand jury returned a second superseding indictment charging Petitioner with conspiracy to distribute in excess of 100 grams of heroin, 100 grams of cocaine, 50 grams of cocaine base, and criminal forfeiture, all in violation of United States Code Title 21 Section 846.  On June 23, 2003, Petitioner pleaded guilty to conspiracy to distribute in excess of 100 grams of heroin, cocaine, and crack.

On December 18, 2003, the Court sentenced Petitioner to 151 months. In calculating the sentence, the Court determined Petitioner was a career offender based on his criminal record, but also granted the government's motion for a downward departure because Petitioner had provided "substantial assistance" to the government.

**II.     Discussion**

Petitioner seeks relief pursuant to 28 U.S.C. § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Petitioner raises two grounds in support of his motion: 1) ineffective assistance of his trial counsel; and 2) his sentence was unconstitutionally enhanced by facts not found by a jury.

**A.     Ineffective Assistance**

In support of his ineffective assistance of counsel claim, Petitioner argues that his counsel erred by: 1) failing to request discovery; 2) failing to review exculpatory "Brady" material; 3) failing to interview witness beneficial to Petitioner; 4) failing to object to the prosecution's discovery non-disclosures; and 5) failing to pursue an appeal as promised to the defendant.

To demonstrate that his counsel was constitutionally ineffective, Petitioner must establish that "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." United States v. Mannino, 212 F.3d 835, 840 (3d Cir. 2000) (quoting Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)).

2

Petitioner's claims of error relate to two separate stages of his case: the appeal of the sentencing, and the sentencing itself. We will address the appeal first.

We find that counsel's representation on appeal did not fall below an objective standard of reasonableness. Counsel did not pursue the appeal, but rather filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). An Anders brief allows the defense counsel, after finding an appeal to be frivolous from a conscientious examination of the record, to "so advise the court and request permission to withdraw." 386 U.S. at 744. Upon receipt of counsel's brief, the United States Court of Appeals for the Third Circuit reviewed the proceedings, agreed that the appeal was wholly frivolous, and granted counsel's motion to withdraw. Therefore, we find that counsel was not ineffective in failing to pursue Petitioner's appeal.

Next, Petitioner argues that his counsel was ineffective during sentencing because he failed to obtain, consider, and present exculpatory evidence. Respondent argues that Petitioner has waived the ineffective assistance claim because he did not raise it on direct appeal. See United States v. Jenkins, 333 F.3d 151, 154-55 (3d Cir. 2003). To raise issues for the first time in a section 2255 motion, Petitioner must demonstrate cause for the procedural default and actual prejudice. United States v. Sanders, 165 F.3d 248, 250-51 (3d Cir. 1999). "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' ⋯ or that he is 'actually innocent.'" Id. (quoting

3

Bousley v. United States, 523 U.S. 614 (1998)). Petitioner has not argued that he is actually innocent, and instead solely challenges the length of his sentence. Therefore, we will focus on whether he can establish cause and actual prejudice for his failure to raise his claim on direct appeal.

Petitioner argues that his counsel's failures on appeal constitute cause. Petitioner can establish cause for the default if he can demonstrate that his trial counsel's failure to raise the issues on appeal constituted ineffective assistance of counsel in violation of the Sixth Amendment. Murray v. Carrier, 477 U.S. 478, 488-89 (1986).

We find that Petitioner has failed to demonstrate that his counsel's representation during appeal constituted cause for his procedural default because they did not fall below an objectively reasonable standard. As discussed *supra*, counsel sought to withdraw, and his motion was granted because the Court of Appeals deemed Petitioner's appeal "wholly frivolous." After it granted the motion, the Court of Appeals offered Petitioner the opportunity to file a *pro se* brief to raise additional issues on appeal, but he failed to do so. Petitioner has offered no explanation for his failure to raise the ineffective assistance of counsel claims himself when specifically offered the opportunity to file a *pro se* brief.

Accordingly, we find that Petitioner cannot establish cause for his procedural default. Furthermore, even if he could establish cause, he cannot establish prejudice because he has presented no evidence that his claim would have resulted in a reversal of his sentence and remand. Although he argues that his counsel should have sought and presented additional

4

evidence during sentencing, he has not explained what that additional evidence would be, or how it would have been relevant. Without knowing what evidence Petitioner claims should have been introduced, we cannot determine whether it indeed would have been exculpatory, or whether his counsel properly did not introduce it because it would have enhanced the sentence. We gave Petitioner the opportunity to file a reply brief to Respondent's response to present his argument and explain what evidence was available, but he did not. Therefore, we will deny Petitioner's ineffective assistance of counsel claims as procedurally defaulted.

### B.     Booker

In support of his second claim, Petitioner argues that the Court's findings of the quantity of the drugs, his criminal record, and his role in the offense, improperly enhanced his sentence in violation of United States v. Booker, 125 S. Ct. 738 (2005). For the reasons discussed above, we find that Petitioner procedurally defaulted on his Booker claims as well. Additionally, we note that Booker does not apply retroactively, Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), and therefore does not apply to his sentence. Therefore, we will deny Petitioner's motion to vacate his sentence in its entirety. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN N. BATISTA, | : | No. 3:02cr314 |
| Petitioner | : | 3:05cv1541 |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## ORDER

**AND NOW**, to wit, this 30th day of November 2005, it is hereby **ORDERED** that:

1. Petitioner's Motion to Vacate his Sentence Pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.

2. For the reasons set forth in the accompanying memorandum, we conclude that Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, there is no basis for the issuance of a certificate of appealibility. See 28 U.S.C. § 2253(c).

3. The Clerk of Court is directed to close this case.

        **BY THE COURT:**

        **s/ James M. Munley**
        **JUDGE JAMES M. MUNLEY**
        **United States District Court**